## LOCKSHIN v GREENBERG

Ohio Appeals, 7th Dist, Mahoning Co

No 2377. Decided June 4, 1937

Morris Mendelssohn, Youngstown, for plaintiff-appellant.

David C. Haynes, Youngstown, for defendant-appellee.

## OPINION

By NICHOLS, J.

Dorothy Lockshin filed her action in the Common Pleas Court of Mahoning County against Abe Greenberg, for damages for personal injuries received on February 10th, 1935, while riding as a guest in an automobile driven by Mr. Greenberg in the city of Youngstown.

Plaintiff's second amended petition based defendant's liability upon his wanton acts as follows:

"* * * defendant was driving forty-five to fifty miles per hour and when he was one hundred fifty feet from a certain street car being operated on * * * Mahoning Avenue, in an easterly direction. his attention was called by plaintiff and he was told to stop or slow up because of the proximity and position of the street car and of other vehicles on said street. Notwithstanding this fact, the defendant, having knowledge that plaintiff was in danger and that in driving his car in the entire absence of any care as he was then and there doing, there would be great probability of a collision and of injuring plaintiff, he, the defendant, without abating his speed and with a reckless disregard of and indifference to consequences, and of the rights and safety of plaintiff and others, wantonly injured her by recklessly and with the entire absence of any care as to speed, control, course, direction or in any other respect whatsoever, operating his automobile so as to crash into the rear of an automobile ahead of him in the highway being operated easterly thereon, and then and immediately thereafter so as to crash into the rear of said street car, said collisions being with great force and violence, causing plaintiff to be thrown from her seat in defendant's car and rendering her unconscious and directly and proximately as a result of defendant's said wanton misconduct, causing her to sustain injuries * * *."

By answer to the second amended petition, defendant denied that he was in any way responsible for the grievances complained of by plaintiff and alleged that he at all times operated his automobile in an ordinary and prudent manner with respect to plaintiff.

Upon the trial the jury returned a verdict for the defendant. Motion for a new trial was overruled and judgment entered on the verdict. Appeal of law is prosecuted to this court by plaintiff-appellant.

The following grounds of error are contended for on behalf of appellant.

(1) That the verdict rendered and judgment entered thereon is contrary to the manifest weight of the evidence;

(2) That the verdict of the jury is the result of passion and prejudice against the appellant;

(3) That the verdict of the jury is contrary to law;

(4) That the court erred in admitting evidence offered by appellee, to which appellant objected;

(5) That the court erred in refusing evidence offered by the appellant, to which appellant objected;

(6) That the court erred in refusing to give appellant's written requests to the jury before argument;

(7) That the court erred in its general charge to the jury; and

(8) That the court erred in refusing to grant appellant a new trial upon her motion duly filed.

1

We have carefully read and considered the record in this case. The petition, when liberally construed in favor of the plaintiff, states a good cause of action. There is evidence in the record tending to substantiate plaintiff's cause of action, but upon material matters necessary for the proof of plaintiff's case under the guest law there is a conflict of evidence presenting a jury issue and from which the jury was warranted in finding the verdict for defendant.

This court has been unable to unanimously agree that the verdict is manifestly against the weight of the evidence. It follows that the judgment rendered thereon is not erroneous in that respect.

2

We have not had pointed out to us in brief or oral argument anything which is claimed to have caused the verdict to be the result of passion and prejudice against

the appellant other than the claim of the appellant that the verdict is manifestly against the weight of the evidence and therefore must have been due to passion and prejudice. We can not concur in this contention of appellant.

3

Whether the verdict is contrary to law depends upon the fourth, fifth, sixth and seventh grounds of error set forth by appellant. Our attention has not been called to any evidence admitted by the court over the objection of the appellant, the admission of which is claimed to be erroneous; nor have we been able from our examination of the record to find that the court erred in admitting evidence offered by the appellee.

It is claimed in brief of counsel that appellant endeavored to introduce evidence as to the distance within which defendant would have been able to stop his car while driving it at the rate of speed he was going; and that the court did not permit this testimony. Our attention is not called to the particular place in the record where the court refused the admission of such testimony over the objection of the appellant; nor have we been able from our examination of the record to find where such testimony was attempted to be offered and refused admission by the trial court. We do find at page 57 of the record that a question of that nature was asked and answered, without objection. We find no error in the refusal of the trial court to admit competent testimony offered by appellant.

The trial court refused to give the following written requests to charge the jury, submitted by appellant before argument:

1. The court says to you as a matter of law, that the term "wanton misconduct" as alleged in plaintiff's petition herein, is defined and means the failure of this defendant to exercise any care for the safety of this plaintiff at the time of and immediately · prior to the collision between the automobile then being driven by this defendant and in which the plaintiff was then riding as a passenger, and the automobile against which defendant's automobile collided, when the defendant had knowledge of the great probability of injury to this plaintiff, and which injury the exercise of care on the part of this defendant might have averted.

2. The court says to you as a matter of law that if you find from the preponder-

ance of the evidence in this case that this defendant failed to exercise any care for the safety of this plaintiff at the time of and immediately prior to the collision between the automobile then being driven by this defendant and in which this plaintiff was then riding as a passenger, not for hire, and the automobile against which this defendant's automobile collided and then into the rear of the street car; and further find that this defendant, at the time of said collision and immediately prior thereto, had knowledge of the great probability of harm to this plaintiff, which the exercise of care might have averted; and further find from a preponderance of the evidence that defendant's conduct at the time of and immediately before said collision exhibited a reckless disregard of consequences on the part of this defendant, then your verdict must be for this plaintiff, if you further find such reckless disregard of consequences on the part of this defendant was the proximate cause of the injuries sustained by this plaintiff at the time of said collision.

3. The court says to you as a matter of law that in order to constitute wanton misconduct on the part of the defendant in this case, it is not necessary there should be any ill-will on his part toward this plaintiff, but in order to establish legal wantonness it is only necessary for plaintiff to show by the preponderance of the evidence an entire absence of care on the part of this defendant for the safety of this plaintiff which exhibits indifference to consequences.

It is apparent that these requests to charge were based upon the definition given by the Supreme Court to the term "wanton misconduct," as defined in the cases of **Higbee Co. v Jackson, 101 Oh St 75, and Reserve Trucking Company v Fairchild, 128 Oh St 519.** These two cases have been modified and the definition of wanton misconduct changed in the case of **Universal Concrete Pipe Co. v Bassett, 130 Oh St 567.**

In the case last referred to the Supreme Court, in the second syllabus, has given the definition of wanton misconduct which was binding upon the court in the trial of the instant action and is as follows:

"2. Wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must

be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury. (Higbee Co. v Jackson, 101 Oh St 75, third paragraph of the syllabus, and Reserve Trucking Co. v Fairchild, 128 Oh St 519, second paragraph of the syllabus, modified)."

This was the definition of wanton misconduct given by the trial court to the jury in the general charge. It will be noted that the language of each of these requested charges implies that the failure of the defendant to exercise any care for the safety of plaintiff would amount to wanton misconduct when the defendant had knowledge of the great probability of injury to plaintiff, which the exercise of care might have averted.

It is not difficult to understand plaintiff's insistence that the requested charges were correct in view of the earlier holdings of the Supreme Court that the failure to exercise any care for the safety of a guest amounted to wanton misconduct under the guest statute. All of the courts of the state followed this definition until the pronouncement in the case of Universal Concrete Pipe Co. v Bassett, supra.

Further complaint is made by appellant that the general charge to the jury did not properly define the word "perversity," used by the trial court in defining "wanton misconduct." In the opinion in Universal Concrete Pipe Co. v Bassett, supra, the Supreme Court says:

"Wantonness, is a synonym for what is popularly known as 'cussedness,' and cussedness is a disposition to perversity."

No other definition of the word perversity is given by the Supreme Court. The word "cussedness," used by the Supreme Court in defining wantonness, does not appear in any but the most recent editions of certain dictionaries. In the one we have before us the word is defined "meanness; also courage or endurance." Yet one could hardly say that the Supreme Court meant to give us a definition of wantonness as being equivalent to courage or endurance.

In the general charge to the jury in the instant case the trial court defined perversity according to the definition given in the Oxford Dictionary. It must be assumed that the Supreme Court in using the word was familiar with the definition given in such accepted authority as Oxford.

It is a day devoutly to be wished for when courts of last resort will give us definitions which are understandable to the ordinary mind, but until they do we can find no objection to trial courts going to the well recognized sources of authority for interpretation of terms too vague for ordinary understanding, and in the instant case we can find no objection to the general charge of the court in relation to the definition of perversity. We can readily agree with counsel for appellant that in the absence of some definition by the trial court the jury would have had no idea what perversity means, and this without any disrespect to the jury.

Upon the claim of error in the overruling of the motion of appellant for a new trial, we have not been referred to any matter other than covered in the foregoing.

Having considered all of the errors assigned and finding no error in the record prejudicial to the rights of plaintiff and that the verdict is not manifestly against the weight of the evidence, the judgment of the Common Pleas Court must be affirmed.

Judgment affirmed.

ROBERTS, PJ, and CARTER, J, concur.